## Conlee v. Gilbert.

(Decided May 14, 1926.)

### Appeal from Madison Circuit Court.

1. Appeal and Error.—Where court rendered judgment without order submitting case for judgment, objection and exception to court's finding go to rendition of judgment as well as to its findings.
2. Pleading—Stipulations—Every Material Allegation of Plaintiff's Reply was Deemed Denied when Court Order was Entered Recognizing Agreement that Such Reply was Traversed by Record, and

it was Error to Enter Judgment on Pleadings Without Giving Plaintiff Opportunity to Adduce Testimony in Support of Allegation in Reply.—In suit involving priority of liens upon a tobacco crop, where plaintiff made a reply to intervener's amended answer and cross-petition, and court entered an order to the effect that such reply was traversed of record by agreement of parties, it was error for court to enter judgment for intervener on the pleadings without giving plaintiff an opportunity to adduce testimony in support of allgeations in reply.

G. MURRAY SMITH, for appellant.

WALLACE & WIGGINS, for appellee.

Opinion of the Court by Judge Goodpaster—Reversing.

Pursuant to a contract entered into between R. L. Conlee, appellant, and Sam Woolums, the latter raised a crop of tobacco on the land of the former in 1923 in Madison county, Kentucky, each party by the terms of the contract to have one-half of the tobacco. Woolums was notified by Conlee that the latter had entered into a contract with the Burley Tobacco Growers' Co-operative Association by which the tobacco grown on his land that year should be delivered to said association to be sold by it, to which Woolums assented.

After the tobacco was housed Woolums threatened to divide the tobacco, there being about 10,000 pounds of it, and sell his half to some person or persons outside of the association, to prevent which the appellant, Conlee, and the Burley Tobacco Growers' Co-operative Asociation instituted an action for the purpose of enjoining and restraining him from delivering, selling or otherwise disposing of said tobacco to any person whomsoever other than the Burley Tobacco Growers' Co-operative Association.

On the 28th day of January, 1924, the court below entered this order: "The plaintiffs having filed their petition in equity duly verified as required by law and executed bond required by law, it is now ordered that the defendant, Sam Woolums, be and he is hereby enjoined until further orders of this court from selling or delivering any part of the crop of approximately 10,000 pounds of tobacco raised in the year 1923 on farm of plaintiff, R. L. Conlee, in Madison county, to any person other than the plaintiff, Burley Tobacco Growers' Co-operative Association."

On the 31st day of January, 1924, the appellee, Wallace Gilbert, filed a pleading denominated answer, counterclaim and cross-petition in which he alleges that Sam Woolums executed and delivered to him on the 10th day of December, 1923, a writing by which he promised and agreed to pay him (Gilbert) $295.30, with interest at 6% from —, 1924; and to secure its payment Woolums executed and delivered to him a mortgage on his one-half of the tobacco. And also sought an injunction to prevent Woolums' part of the tobacco from being delivered to the Burley Tobacco Growers' Co-operative Association.

On the first day of February, 1924, the court below entered this order: "This cause being submitted to the court on motion of the intervening petitioner, Wallace Gilbert, for injunction against the plaintiffs, Burley Tobacco Growers' Co-operative Association and R. L. Conlee, and the court being advised, it is adjudged that said motion for injunction against the plaintiffs aforesaid be and the same is hereby overruled." On the same day the court entered this order: "This cause coming on for a hearing on the motion of the defendant, Sam Woolums, to dissolve the temporary restraining order issued herein, and the parties being present and their attorney, and it being admitted by the parties that the defendant, Sam Woolums, at the time of the making of the contract with the plaintiff, R. L. Conlee, knew of the plaintiff's contract with the plaintiff, Burley Tobacco Growers' Co-operative Association, it is ordered and adjudged by the court that said motion to dissolve the temporary restraining order issued herein against the defendant, Sam Woolums, be and the same is hereby overruled, and said restraining order is hereby made permanent."

On the 1st day of March, 1924, the court entered this order: "It is ordered on motion of the plaintiff that the defendant having delivered his tobacco to the plaintiff, this cause is hereby dismissed settled at the cost of the defendant."

On the 15th day of October, 1924, appellee, Wallace Gilbert, filed an amended answer and cross-petition in which he alleged that the appellant, Conlee, had taken charge of the tobacco belonging to Sam Woolums on which he had a mortgage lien and delivered same to the Burley Tobacco Growers' Co-operative Association and had been paid for said tobacco by said association the sum of $500.00, and further alleged that he had a valid lien on Woolums' interest in the tobacco superior to the

lien of Conlee, and prayed for a judgment for $250.00 against Conlee and the Burley Tobacco Growers' Co-operative Association.

On the 23rd day of February, 1925, appellant Conlee filed reply and answer to the cross-petition of Gilbert and alleged that he furnished supplies to Woolums to enable him to subsist and raise the crop of tobacco in the sum of $582.93, and that the said sum was agreed upon by Woolums and him; and alleged that his lien to secure the advancement was superior to the mortgage lien of Gilbert; and further alleged that by agreement with Woolums he (Conlee) took charge of and delivered the tobacco to the Burley Tobacco Growers' Association pursuant to the orders and judgment of the court, and that there was an advance payment owing to the defendant, Sam Woolums, of $382.20, and that same was applied by him (Conlee) on the debt owing to him by Woolums, leaving a balance due him of $200.73.

On the 28th day of February, 1925, the court entered this order: "By agreement of parties the reply of plaintiff, R. L. Conlee, is traversed of record." On the same day the court entered the following judgment: "It appearing to the court that an advance payment on the Sam Woolums tobacco was made as is shown by the reply and answer of plaintiff to the cross-petition of Wallace Gilbert in the sum of $382.20, it is therefore ordered and adjudged by the court that said sum be paid by plaintiff to the clerk of this court for proper distribution between the parties hereto. It is further adjudged by the court that Wallace Gilbert has a superior lien upon said tobacco of the defendant, Sam Woolums, and it is ordered and adjudged that the sum of $295.30, with 6% interest from December 10, 1923, be paid to said Wallace Gilbert, and the balance remaining after the payment of the costs be paid to the plaintiff, Conlee, and the case is continued for further orders, to which R. L. Conlee by counsel objects and excepts."

The appellant Conlee insists that the judgment was premature; that he not only objected and excepted to the finding of the court but objected and excepted to the rendition of the judgment. There was no order submitting the case for judgment, hence the court having rendered judgment without such order the objection and exception go to the rendition of the judgment as well as to its finding.

It will be seen that when the order was entered traversing the reply of Conlee that every material allegation made therein was denied. Hence he should have had an opportunity to take proof in support of them. All of the material allegations having been denied the result was the same as if Conlee had filed no reply.

Therefore, we conclude that he should be permitted to take proof in support of the allegations contained therein and that each party is given permission to amend his pleading if he so desires.

Wherefore, the appeal is granted, the judgment reversed and the cause remanded for proceedings in conformity with this opinion.