## Combs et al. v. Spicer.

(Decided November 13, 1928.)

### Appeal from Harlan Circuit Court.

1. Pleading.—In suit, by one claiming interests in mining property operated by partnership, for sale of partnership property, division of proceeds, and recovery of royalties, answer traversing all allegations of original petition, and alleging that defendants purchased

interest in partnership property at execution sale, and that defendants were owners of entire property, held to state sufficient defense to prevent entry of judgment against them on plaintiff's motion for submission of cause, and consenting that statements of answer be deemed true, under Civil Code of Practice, sec. 366, notwithstanding no answer was filed to amended petition, which merely stated amount of coal produced.

2. Pleading.—On motion to set aside submission of case submitted on plaintiff's consent that statements of answer should be taken as true, under Civil Code of Practice, sec. 366, and resulting in judgment against defendants, trial court should exercise discretion on the side that is most apt to result in doing justice to all parties.

LEE & SNYDER for appellants.

CHAS. B. SPICER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The Evarts Coal Company was a partnership originally composed of F. F. Caywood, W. F. Hall and F. W. Smith. It was engaged in mining coal from certain properties held by it under lease. Smith owned a one-half interest and Hall and Caywood a one-fourth interest each. On March 25, 1922, Smith conveyed to C. B. Crider a one-fourth interest in the partnership property. On the same day Crider conveyed to his wife two-thirds of his one-fourth interest. On the 22d day of June, 1922, the wife of Crider executed a lease to him, covering the interest which he had conveyed to her in the property, for a term of five years for the consideration of 5 cents a ton royalty on all coal mined by the Evarts Coal Company. The company continued to operate until 1926, when the appellants purchased the interest of Caywood, Smith and Hall. At the time of their purchase C. B. Crider owned a one-twelfth interest in the property, and also a lease on the one-sixth interest which had been executed to him by his wife. Mrs. Crider owned a one-sixth interest in the property, subject to the lease which she had executed. The company became involved in financial difficulties by reason of debts which had been created by the partnership composed of Caywood, Hall, Smith, and Crider, and a judgment was obtained against the partnership and the individual partners. Three-fourths of the judgment was paid by the other partners, and the interest of Crider, which was described as a one-

fourth interest, was sold under execution March 1, 1926, and purchased by the appellants. C. B. Crider and his wife conveyed a one-fourth interest in the partnership property to their son, George M. Crider, who, on April 6, 1926, conveyed that interest to W. C. Spicer, the appellee. The deeds of conveyance were placed on record soon after their execution, except the lease executed by Mrs. Crider, which was not placed on record until 1926.

The appellee, claiming to be the owner of the royalty interest retained by Mrs. Crider, and also the owner of a one-fourth interest in the property subject to the lease, instituted this suit, praying that the partnership property be sold and the proceeds divided, and that he recover from the appellants 5 cents a ton for all coal that was taken from the property after he purchased the interest of the Criders.

Appellants filed an answer at the first term of court after the suit had been filed, when a demurrer had been overruled to the petition. A motion was made to require appellants to verify the answer, which motion was sustained, and they were given until a day in the term to make the verification. Before the day for the verification arrived, appellee consented that the statements of the answer should be taken as true, and moved for a submission of the case, which motion was sustained. He was acting within his rights, under the provision of section 366 of the Civil Code, in consenting that the statements of the answer might be taken as true. The court rendered a judgment in favor of appellee, directing that the property of the partnership be sold, and the proceeds divided, and awarding a judgment in favor of the appellee against appellants for the sum of $3,200 for the royalty on the coal which had been taken after appellee became the owner, as he claimed, of the royalty interest under the lease which had been executed by Mrs. Crider.

The appellants appeared in court, probably after the judgment had been entered, and moved to set aside the order of submission, and filed in support of the motion the affidavit of one of their attorneys, in which it was disclosed that the attorneys representing the appellants did not know that an amended petition had been filed, wherein it had been alleged that 64,000 tons of coal had been mined by the partnership after appellee received his transfer from the Criders. It was also contended that appellants were not before the court on the

amended petition. It is unnecessary, in view of the conclusions whe have reached, to go into that question.

The appellee bases his contention that the appellants were indebted to him in the sum of $3,200 for coal taken under the terms of the Mrs. Crider lease upon the fact that appellants purchased the interest of C. B. Crider in the property in March, 1926, and that the interest of Crider included the lease executed to him by his wife, and that by reason of that purchase they became obligated to comply with the provisions of the lease. An examination of the lease shows that it contains some very unusual provisions growing out of the probable fact that a blank form was used, intended for the leasing of residences. The sale under execution shows that a one-fourth interest in the property was sold, and there is no reference whatever to the sale of any lease. The sale did not purport to sell the interest of Crider as it may appear, but it sold a one-fourth interest in the partnership. What interest passed under the sale will not be determined by us at this time.

It is insisted that the partnership had ceased to function, and that the owners of the property had become tenants in common, and by reason of that fact appellee was authorized to institute a suit for the sale of the partnership property and a division of the proceeds, instead of a suit to settle the partnership. But we will not dispose of that question in this opinion.

This leaves the sole question before us as to whether the answer was sufficient to constitute such a defense as should have prevented the lower court's entering the judgment appealed from. We think so. The answer contains a traverse of all of the allegations found in the petition. It was alleged in the petition that a sale of the property was necessary in order to effect a division of the same. This was denied. It was alleged in the original petition that appellants were indebted to appellee in the sum of 5 cents for each ton of coal which had been removed from the premises between April 6, 1926, and June 22, 1927, which allegation was denied. It was alleged in the petition that appellants had been operating the coal mine since they purchased the interest of Crider under the lease which Mrs. Crider executed to her husband, and this allegation was denied. They allege affirmatively that at the sheriff's sale in 1926 they purchased the entire one-fourth interest in the partnership prop-

erty, and that a deed was executed to them, conveying said interest to them, and that they were, therefore, the owners of the entire property. They file their deed, which confirms their allegation. The deed of the sheriff conveys absolutely a one-fourth interest in the property.

The judgment for $3,200 shows that it was rendered because of an amended petition which was filed, and which had not been denied. The amended petition adds nothing to the original petition, other than to set out the tonnage of coal which had been produced. The original petition alleged that coal had been produced, but the amount was unknown. The denials followed the allegations of the petition. As the answer denied that any coal had been mined under the Mrs. Crider lease, or that appellants were indebted to appellee in any sum by reason of the lease, a denial of the allegations in the amended petition would not have defined the issues any more clearly. The amended petition alleges that, during the period of time mentioned in the original petition, 64,000 tons of coal had been produced. The answer to the petition denied that any coal had been produced under that lease. An issue was made by the petition and answer, and the amended petition is of little importance one way or the other. If an answer had been filed to the amended petition, doubtless it would have denied that any coal was produced under the lease, and, as that denial is found in the original answer, the failure to file an answer to the amended petition becomes unimportant.

We do not know what the facts are as to the submission of the case, other than as is shown by the affidavit filed by one of the attorneys representing appellants. His reasons, stated in the affidavit, may not have been sufficient to require the court to set aside the order of submission, although a trial court should exercise discretion on the side that is most apt to result in doing justice to all parties.

The judgment will be reversed and remanded, with leave to the parties to amend their pleadings, if they so desire, and to take proof on the issues, if the taking of proof should be rendered necessary.

Judgment reversed and cause remanded, for proceedings consistent with this opinion.