# Broadway National Bank et al. v. Hargis, County Treasurer.

(Decided November 26, 1929.)

(As Modified, on Denial of Rehearing, February 18, 1930.)

GRANNIS BACH for appellants.

A. H. HARGIS, HENRY L. SPENCER and A. F. BYRD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON.—
Reversing.

The Richmond Machinery & Equipment Company sold to Breathitt county a lot of road machinery for which the county agreed to pay it $6,661, and on April 7, 1926, the fiscal court of Breathitt county issued to it three warrants, each for the sum of $2,220.33, with interest at the rate of 3 per cent, from date, and payable out of the county levy for the years 1927, 1928, and 1929. On June 1, 1927, the machinery and equipment company sold and delivered to the county repairs for the above machinery for $200.98. In the fall of the year 1928, the county had outstanding a large indebtedness for roads, bridges, etc. A consultation of the officers was held, at which they figured up the indebtedness would be $92,000. They then got into communication with some brokerage firms, and

the latter agreed to buy the bonds of the county if the claims against the county were put in judgment. Thereupon the creditors holding these claims including the machinery and equipment company, at the suggestion of the county authorities filed a suit, and their claims were reduced to judgment. Thereupon the fiscal court entered an order that, whereas the judgments aforesaid had been rendered against it, amounting to $91,103.80, funding bonds of Breathitt county in the amount of $92,500 should be issued for the purpose of funding this indebtedness, plus the accrued interest thereon. The order set out the date and number of bonds and how they should read. It then provided as follows:

"That the bonds hereby authorized be executed as herein provided as soon after the adoption of this resolution as may be, and be thereupon deposited for delivery to Walters, Woody and Heimerdinger, Cincinnati, Ohio, pursuant to the agreement entered into on July 9, 1928, which agreement is in all respects hereby ratified and confirmed.

"The proceeds of said bonds shall be used only for the purpose of funding the indebtedness so to be funded and evidenced as aforesaid shall be cancelled, paid and released of record simultaneously, with the delivery of the funding bonds hereby authorized, the intention being to change but not to increase the indebtedness of the said county."

The bonds were issued and sold; the money was paid to the county treasurer, but after this was done it turned out that the indebtedness of the county, including other claims, was larger than they supposed, and the county treasurer, when the machinery and equipment company made its demand for the payment of its debt, had left in his hands only $1.87 of the fund. The treasurer paid the first warrant, but refused to pay the balance of the claim. The company and its assignee brought this action against him to obtain a mandamus requiring him to pay the claim. There is a little confusion in the case, which occurred in this way: The Hargis National Bank had a number of these road claims, and at the request of the fiscal court included the debt of the machinery and equipment company among its claims, although it did not in fact own this claim, and the judgment in its favor was

upon this claim among others, which was distinctly set out in the pleadings and the judgment. The machinery and equipment company, not knowing that the bank had obtained this judgment, also reduced its claim to judgment as requested by the fiscal court; but, when the fiscal court met and made its order, above referred to, setting out the judgment in favor of the bank on this claim, the judgment in favor of the machinery and equipment company was not also inserted, because that would have been to duplicate the claim. The trouble arose from the bank including a claim it did not own. But the substance of the transaction is clear. The purpose was to arrive at a judicial determination of the justice of these claims, and the claim of the Richmond Machinery & Equipment Company, being fully identified although adjudged in the name of the bank, no one was prejudiced. The order of the fiscal court expressly provides that the bonds shall be used only for the purpose of funding the indebtedness hereby ordered to be funded. The indebtedness hereby ordered to be funded was the indebtedness set out in the judgments above referred to, and this included the above claim of the machinery and equipment company. So the sum of the judgment is that the proceeds of the bonds shall be used only for the purpose of funding the indebtedness of the machinery and equipment company and the other claims set out in the judgments. It is further provided in the order that this indebtedness, so to be funded, shall be canceled, paid, and released of record simultaneously with the delivery of the funding bonds hereby authorized. By the very terms of the order on the delivery of the funding bonds, the above indebtedness was canceled, and the only claim that the creditors had was to the proceeds of the bonds. The treasurer was only authorized to pay out this money on the claims set out in the judgments referred to. He was without authority to pay other claims with this money, and his answer does not show he did not do this. It was not material that the warrants which had been issued to the machinery and equipment company were not due, as they were payable out of a levy which had not been collected. These warrants were superseded by the bonds, and the creditor, by the very terms of the order, was required to look to the proceeds of the bonds for his money. The treasurer had no right to use any part of this money for

other purposes, and, on the facts shown, the court should have granted the mandamus as prayed. Though the $200 claim was not included specifically in the judgment of the bank, it was specifically included in the judgment of the machinery and equipment company; the amount of its claim as set out in the bank's judgment was sufficient to cover this claim, and it should be paid by the appellee.

What the rights of A. H. Hargis may be against the county or the persons whose claims he paid are questions which may not be properly determined in this action under the pleadings.

Judgment reversed, and cause remanded for a judgment as above indicated.