# Broadway National Bank et al. v. Hargis.

# Commonwealth, for Use of Broadway National Bank v. Hargis et al.

(Decided May 5, 1931.)

GRANNIS BACH for appellants.

A. F. BYRD, W. A. STANFILL, HENRY L. SPENCER, J. L. STIDHAM and E. C. HYDEN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

In 1928, Breathitt county issued funding bonds in the amount of $92,500 for the payment of certain claims against it which had been reduced to judgment. The proceeds were held by A. H. Hargis, county treasurer. The Broadway National Bank, as the owner by assignment of warrants issued to the Richmond Machinery & Equipment Company amounting to $4,440.60, which were payable out of that fund, presented them for payment. Not being paid, the bank and the company sought to compel the treasurer by an order of mandamus to pay them. Upon a denial of that relief, an appeal was prosecuted, and in Broadway National Bank v. Hargis, County Treasurer, 232 Ky. 328, 23 S. W. (2d) 606, it was held under that record the plaintiffs were entitled to the order. The facts of the case are more fully stated in that opinion.

Pursuant to the mandate of this court, such a judgment was entered on March 12, 1930, and Hargis, as

treasurer, was ordered to pay plaintiffs forthwith the amount of the warrants.

On August 27, 1930, a rule was issued against the treasurer to show cause why he should not be punished for contempt of court for failing to obey and perform the judgment. The substance of the defendant's response was that he was not the treasurer of Breathitt county, did not have any of its funds in his hands, and it was impossible for him to obey the order; that he had disbursed all of the proceeds of the bond issue on orders and warrants issued by the fiscal court, with the exception of $1.87, and had made a settlement of his accounts as treasurer of this fund on January 8, 1929, which settlement had been confirmed and approved; that on May 7, 1930, he had made a final settlement of his accounts as treasurer and turned over to his successor in office all money, books, and records in his possession; and that settlement had been approved and confirmed. A demurrer to the response being overruled, a reply traversed certain of its allegations. The orders of the fiscal court respecting the settlements referred to were not contradicted or their correctness denied. On submission on the pleadings a special judge held the response sufficient and discharged the rule. The first-styled appeal is from that order.

The mandamus was against Hargis, as treasurer, to pay the warrants of the plaintiffs out of funds which he held in his official capacity. Such an order could not have been awarded against him individually, for the writ is one issued against a public officer to perform a legal duty devolving upon him. Section 477, Civil Code of Practice. It sufficiently appears from the response that at the time the judgment was rendered the treasurer had only $1.87 of the funds set apart for the payment of claims of that character, and that when the rule was issued against him he was not treasurer of the county. It was not possible, therefore, for him at the time to comply with the order of the court, and the action in dismissing the rule was proper.

The second-styled appeal is from a judgment entered in a suit instituted in the name of the commonwealth for the use and benefit of the Broadway National Bank against Hargis, individually, and the sureties on his bond as county treasurer, to recover the amount of the claims referred to. The petition sets up the facts

with respect to the issuance of the bonds for the purpose of paying that class of claims. It was alleged that the bank was the owner of two warrants of the county, each for $2,220.30, and that Hargis, as treasurer, had refused to pay them, and that he had appropriated to his own use, or for uses other than the payment of the warrants, that part of the proceeds of the bond issue turned over to him for that purpose. The former proceeding was detailed, including the rendition of the order or judgment directing the payment of the warrants, and Hargis' refusal to comply with it. The petition charged in general terms that Hargis had been elected treasurer of the county on April 7, 1925, for a term ending April 7, 1929, and had executed a bond as such with the defendants, Blake, Elbert Hargis, and Creech, as sureties, by which they covenanted to and with the commonwealth that he would comply with all the orders of the court as treasurer and would account for all the money that should come into his hands as such officer. It was further stated ''that on the ............................ day of ........................... 1929,'' Hargis, as principal, and Roberts, Elbert Hargis, and Holbrook, as sureties, had executed another and additional bond, and that all of the bonds had been accepted and approved by the Breathitt fiscal court. But no copy of them was filed with the petition. It was charged that the defendants had ''violated and breached the terms and conditions of all the above mentioned bonds in the way and manner as set out in this petition,'' and by reason thereof were indebted to the plaintiff in the sum of $4,-4440.60, with interest, for which sum judgment was prayed.

Special and general demurrers were filed to the petition, as were motions to require a filling in of the blanks and for a display of the authority of the attorney to bring the suit.

Hargis traversed the allegations of the petition and set up the defenses which have already been stated in this and the former opinion. The answer was made a cross-petition against the county, charging that the proceeds of the funding bonds had been paid out on past-due warrants in obedience to the orders and directions, both general and specific of the fiscal court, and that the defendant had made and it had accepted a complete settlement of all his accounts as treasurer. It is stated that copies of the orders of the court confirming his settlements as treasurer were filed as exhibits, but they are

not in the record before us. He charged that he had performed the duties required of him as a ministerial officer, and that whatever sum was owing to the plaintiff was due by the county. He prayed that the county be adjudged liable for any claim which the plaintiff might have, and that he and his sureties have judgment over against the county.

The defendant Holbrook, by a separate answer, pleaded that Hargis and his alleged cosureties had proposed to execute a bond for Hargis and had signed a writing to that effect, but that the bond was never approved or accepted by the fiscal court and they were not liable thereunder. He also pleaded that the money mentioned in the petition had been received and disbursed by Hargis before the date of that unaccepted bond. The other sureties relied on the same defenses that Hargis had asserted, and some of them charged that whatever liability there was had been incurred during the first term of Hargis, as treasurer, and that they were not sureties on his bond at that time. Demurrers were filed to each of the answers.

None of the demurrers or motions were passed upon, but a final judgment was rendered on the pleadings and exhibits. A personal judgment for the amount of the debts claimed was awarded against Hargis, based, as it is stated, on the former opinion of this court. It was further recited that since Hargis had made a settlement of his accounts, as treasurer, and the county had received the benefit of the amount of the judgment rendered against him, it was the county's debt and should be paid by it. The fiscal court was ordered to pay that judgment within 12 months, and if it could not be paid out of the regular funds, the members (who were not parties to the suit) were directed to make a levy sufficient to provide the necessary funds. They were directed to convene in special session and issue a warrant to Hargis for the amount of the judgment, and Hargis was directed to indorse the voucher and deliver it to plaintiffs' counsel. It was further adjudged that since there had been no defalcation on the part of Hargis as treasurer, and he had turned over to the county and his successor in office all money that he had in his hands, none of the sureties on his official bond were liable, and the petition against them was dismissed.

The bank appeals from that judgment upon several grounds. One of them is that the judgment was prema-

turely rendered. The case was under submission on demurrers to the answers, but the court decided it generally. If the court was of the opinion that the answers were sufficient, he should have overruled the demurrers and given the plaintiff an opportunity to plead further. Conlee v. Gilbert, 214 Ky. 484, 283 S. W. 440; Combs v. Spicer, 226 Ky. 270, 10 S. W. (2d) 810. There was a material issue raised as to the disbursement of the bond funds upon the orders of the fiscal court. Those orders may or may not have been sufficient to relieve the defendants of liability, but they were not produced. It is apparent from the record that some of the claims paid out of the fund were not properly chargeable to it, but their extent does not appear. The issues raised on some of these points were sufficient to require proof. The parties should be permitted to reform and amend their pleadings, if desired, and to develop the case fully, that the court may have all the facts before it undertakes to adjudge the case on its merits.

The judgment in the first-styled appeal is affirmed without prejudice to any action in the other case. The judgment in the second-styled appeal is reversed for consistent proceedings.