# Hargis et al. v. Commonwealth for Use and Benefit of Kirkpatrick et al.

(Decided June 16, 1933.)

A. H. HARGIS, HENRY L. SPENCER and A. F. BYRD for appellants.

GRANNIS BACH and A. M. RUSSELL for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal presents for our review for the third time the question of errors raised by the present or third appeal of this case from the judgment of the Breathitt circuit court, wherein the appellee R. D. Kirkpatrick was adjudged to recover the amount of his claim sued upon against A. H. Hargis, as treasurer of Breathitt county, and sureties upon his bond as such.

The facts of the case as shown by the record and as clearly stated in the two former opinions of this

court upon the two previous appeals (Broadway Nat. Bank v. Hargis, 232 Ky. 328, 23 S. W. [2d] 606; Id., 238 Ky. 669, 38 S. W. [2d] 674) and in briefs of counsel are as follows:

In April, 1926, the Breathitt county fiscal court issued to the Richmond Machinery & Equipment Company of Richmond, Va., three warrants for $2,220.33 each, in payment for certain road machinery that it had sold and delivered to Breathitt county. One warrant was made payable out of the county levy for the year 1927, another out of the levy for 1928, and the third out of that for 1929.

On November 19, 1928, the Breathitt county fiscal court, acting under the provisions of sections 1857-1861 of the Kentucky Statutes, ordered that there should be issued and sold certain funding bonds of the county to the amount of $92,500, with which to pay these and other warrants that had been issued for its floating debts incurred for purposes of its courthouse, jail, roads, and bridges. The proceeds from the sale of these bonds were turned over to the appellant A. H. Hargis, then treasurer of Breathitt county, about December 1, 1928, for its disbursement as directed by it said order of November, 1928.

It is admitted that Hargis paid to the machinery company the first of its said three warrants out of this fund, but then declined to pay the other two, stating, according to the evidence, that he would pay them later as the levies out of which same were made payable were received, and also testified that they were never in fact presented to him by the holder, or its agent or attorney for payment.

Thereupon the Richmond Machinery & Equipment Company and the Broadway National Bank of Richmond, Va., which then held these two warrants pledged it, as collateral security for a loan made the machinery company, filed their action in the Breathitt circuit court against the appellant A. H. Hargis, as treasurer, in which they sought a mandamus requiring him to pay these warrants given the machine company out of the proceeds of this funding bond issue, and so ordered paid by him, as treasurer.

To the plaintiffs' petition Hargis filed answer, alleging that he had paid out all of the $92,500 sale proceeds of the funding bonds turned over to him as treas-

urer other than the sum of $1.87; that he had disposed of and paid out this amount upon valid claims against the county as presented for payment, as these funding bonds, he contended, had been issued and sold for the well understood purpose of caring for all the county's then outstanding indebtedness; and therefore he claimed that he had the right to pay out the bond money on all the court's valid warrants as presented to him for any just indebtedness that the county then owed.

The case coming on for hearing upon the pleadings and proof, the court upheld the contention of the county treasurer and dismissed plaintiffs' petition.

Upon appeal therefrom to this court, the judgment of the circuit court was reversed (see first appeal; Broadway National Bank et al. v. Hargis, County Treasurer, 232 Ky. 328, 23 S. W. [2d] 606, 607), wherein the court held that the treasurer had misapplied the proceeds of the funding bonds in paying out same on warrants other than those belonging to the four classes of indebtedness provided for by the order of the fiscal court directing the issual and sale of the bonds, the court saying:

"The treasurer was only authorized to pay out this money on the claims set out in the judgments referred to. He was without authority to pay other claims with this money, and his answer does not show he did not do this. It was not material that the warrants which had been issued to the machinery and equipment company were not due, as they were payable out of a levy which had not been collected. These warrants were superseded by the bonds, and the creditor, by the very terms of the order, was required to look to the proceeds of the bonds for his money. The treasurer had no right to use any part of this money for other purposes, and, on the facts shown, the court should have granted the mandamus as prayed."

Pursuant to the mandate issued in that case, a judgment was entered in the circuit court March 12, 1930, directing the appellant Hargis, as county treasurer, to pay plaintiffs therein the amount of its said warrants and also the further sum of $298 that the county owed the machinery company for repairs.

The treasurer failed to obey the order of the court.

when a rule was awarded against him on August 27, 1930, to which he filed a response, in which he stated that he was not then the treasurer of Breathitt county, and that he had paid out all of the funding bond money except $1.87; that he had made settlement of his accounts as treasurer embracing his receipt and disbursement of this $92,500 fund with the Breathitt fiscal court, which had been approved and confirmed, and was thus exonerated from any and all further liability therefor.

Also it appears the Broadway National Bank, as the pledgee of the machinery company's warrants, had, together with it, instituted an action at law against the appellant A. H. Hargis, and the other appellants to this appeal who were sureties on his official bond, in which it sought to recover a personal judgment against him for the amount of these two unpaid warrants held by it.

Upon the hearing of these cases, the court held the appellant's response to the rule issued in the mandamus proceedings sufficient, and dismissed the petition therein. It also dismissed the petition in the common-law action.

On the second appeal of these cases to this court, where the two actions were heard together, it affirmed the judgment in the mandamus proceedings, holding that it could not be maintained against the appellant individually or as treasurer after he had ceased to be such. Also it reversed the judgment in the common-law action upon the grounds that the judgment was prematurely rendered, in that the issues raised on some of the points presented were sufficient to require proof, and that the parties should be permitted to reform their pleadings and develop the case to the end that the court should have all the facts, before it undertook to adjudge it upon its merits. 38 S. W. (2d) 674.

During the lengthy course of the litigation in these suits, the Broadway National Bank closed, and was placed in the hands of a receiver, when the owners of the Richmond Machinery & Equipment Company were required to pay its loan owing the bank, which had been secured by pledging these warrants issued it, when they were turned back to the machinery company and later taken over by the owner of the machine company and sued on in the instant case.

Upon the decision of the second appeal as stated, supra, the common-law action was then dismissed with-

out prejudice, and the present action instituted by and in the name of the commonwealth, for the use of R. D. Kirkpatrick, the then sole owner of the machinery company and its two unpaid warrants, against A. H. Hargis as treasurer and the other appellants herein, as sureties on his official bond.

This case was transferred to equity, and, on being heard and submitted for judgment, the Hon. Saunders E. Clay, the then acting special judge of the Breathitt circuit court rendered a personal judgment against the appellant A. H. Hargis and his sureties for the amount of the unpaid warrants held by it in the sum of $4,440.66, with interest as therein directed; the judgment further directing and reciting that "it appearing to the court that the amount herein adjudged the plaintiff should have been paid by A. H. Hargis, former treasurer of Breathitt county, out of the proceeds of certain funding bonds of said county amounting to $92,500, ordered issued by the fiscal court November ——, 1928, and it appearing that the said Hargis, as treasurer of said funding bond money provided by the fiscal court for the payment of certain warrants issued to the Richmond Machinery & Equipment, had paid off out of this county fund yet other valid, binding and outstanding warrants held against said county, even tho it had not paid all the particular warrants that were specifically ordered paid out of the proceeds of said funding issue, as he should have done, in official obedience to the court's order, adjudged that the defendants, A. H. Hargis, Elbert Hargis, J. R. Blake and A. J. Creech recover on their cross-petition against Breathitt county the sum of $4,440.66, the amount adjudged to plaintiff against them, with interest on said sum as heretofore set out, and further it adjudged that the fiscal court of Breathitt county be ordered and directed to pay the said Hargis and his sureties, Elbert Hargis, J. R. Blake and A. J. Creech, the amount of the judgment herein rendered against Breathitt county in favor of said defendants and make provisions for the payment of said judgment and pay said amount to said defendants on or before ninety days from the date of the judgment. It also directed that the named members of the fiscal court at once convene in special session and provide a fund out of which said judgment should be paid within the said ninety days."

From this judgment the defendants therein, A. H. Hargis and his sureties, Elbert Hargis, J. R. Blake, and A. J. Creech, appeal, seeking its reversal upon the ground among others, that the appellee did not prove his case, in that appellee failed to prove that any of the three warrants sued on were ever presented to him for payment; also that it is shown by the record that appellant, as treasurer, made no defalcation to the government, and that there was no liability on him or his sureties upon his bond for a misapplication of the fund in payment of other of the county's warrants; also that Breathitt county admits that it owes the two warrants here sued on and the judgment therefor of the appellee on the same, and that the court, upon his settlement made with it, has exonerated him and his sureties from any liability therefor.

In considering these grounds for reversal of the judgment, it may be noted that it was decided by the first appeal of this case, reported in 232 Ky. 328, 23 S. W. (2d) 606, upon the same facts and record substantially as is here presented, that it was the duty of the appellant Hargis to have paid the appellee's road machinery warrants out of the special bonding fund provided and turned over to him as the county's treasurer under the order of the fiscal court of November, 1928, which directed that the proceeds of such funding bonds should be applied to the payment of those debts (reduced to judgment) incurred for the purpose of paying warrants issued for its courthouse, jail, bridges, and roads; also that the appellee's warrants being thus among those by the court's order directed paid out of this fund, as having been given for road machinery bought by it, it was the duty of the appellant to have paid the same out of the proceeds of the funding bonds turned over to him.

Appellant by counter pleadings contends that, inasmuch as the purpose of the issuing and sale of these funding bonds in question was to pay off all the valid warrants and floating indebtedness then owing by the county, then estimated by its fiscal court to be in their total amount not more than $92,500, and for which purpose, he alleges, the said bonds were sold and the sale proceeds thereof turned over to him as treasurer to pay the same as presented, when he, as treasurer, accepted the fund and disbursed it, in payment of the

county's outstanding warrants as presented for payment, without understanding that he was confined or limited in disbursing this fund by any restrictive order of the fiscal court to the payment of only the four particular designated classes of warrants, but on the contrary it was generally understood that this bond fund was raised and intended to pay all the county's outstanding debts, and with such understanding he did apply and pay out all of the said fund upon the county's warrants as the same were presented to him for payment, in so far as the bond fund was sufficient therefor, but that the $92,500, amount of said fund, proved insufficient by several thousand dollars to pay all the county's then outstanding warrants presented for payment to him, with the result that these two of the appellee's warrants, upon which it had judgment, were not and could not be paid by him for want of funds. Also appellant both pleaded and testified that he had properly and justly accounted for all funds whatsoever coming into his hands as treasurer, and had made full and final settlement with the Breathitt county fiscal court of all his accounts as treasurer, and had been exonerated by it from liability for any and all then outstanding claims against the county, including that of the appellee, herein sued on.

However, we cannot altogether agree with appellant in this his contention that he was without any official responsibility for his unauthorized method followed in disposing of this special bond fund intrusted to him, for the payment of certain designated and described warrants, and for which purpose only he was directed by the court's order to apply and disburse this bond fund in their payment and we conclude that his general disbursement of it in the payment of other claims or warrants not authorized by order was a misapplication of the fund, as held by this court upon the first appeal, in 232 Ky. 328, 23 S. W. (2d) 606, as quoted supra.

However, we are of the opinion that such misapplication by appellant of the county's fund, to the payment of other of its debts rather than strictly applying it to those directed, was not such official misconduct as to constitute a defalcation by the appellant or a conversion of the county's funds to his own use, even though it did constitute a violating of his instruction and an improper administration of the duties of his office, resulting in an improper accounting for the funds re-

ceived by him as treasurer, and therefore appellant's failure to disburse the bond fund only as ordered by the court was a breach of his official duty, for which, under the applicable statute persons or creditors injured thereby are entitled to secure redress against him and his sureties upon his official bond, as was by the learned trial court here, we conclude rightly, adjudged.

Nevertheless, we are further of the opinion that, inasmuch as the appellant, even though he thus misapplied or improperly disposed of moneys coming into his hands as treasurer by its payment in a way and manner other than as directed, he nevertheless disbursed it in payment of the just debts of the county, as he applied it upon its warrants presented him for payment. However, as these warrants, for which the appellee has herein recovered judgment against appellant and his sureties, have been duly adjudged to be justly owing by the county to the appellee, and further, as they have been by the Breathitt county fiscal court also acknowledged as owing by the county and directed paid by it, it followes that the appellant and his sureties are therefore thus shown in their adjudged payment of these warrants to the appellee in effect to have thereby paid to such extent, the debt of the county, and for which reason it also follows that the appellant should be reimbursed therefor by the county. Therefore we conclude that the trial court did rightly adjudge that appellants should recover the amount so adjudged paid appellee by them for the county upon their cross-petition against it therefor.

Numerous other grounds are alleged by appellants to exist for the reversal of the lower court's judgment, but we are of the opinion that the same are without merit, in that the relief as herein granted by the learned chancellor upon the facts and pleadings presented by the record, to both the appellee and appellant, we conclude are alike just and proper. Therefore the chancellor's holding being in harmony and consonant with our views as hereinabove expressed, the judgment should be and is affirmed.