## Luker v. Philpot et al.

(Decided Nov. 12, 1935.)

C. R. LUKER and J. B. WALL for appellant.

WILLIAM A. HAMM, H. C. CLAY, RAY C. LEWIS and S. V. LITTLE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Owen Philpot in 1925 was appointed and qualified by executing bond with the American Surety Company, surety, as guardian of Lillie Penticaugh, who later married Luker. He continued as guardian until December 14, 1931, when she arrived at the age of 14 and nominated and had appointed by the county court of her residence his successor.

Philpot, as guardian, received for her from the government of the United States of America $4,809.47. On the 17th day of October, 1925, he made a settlement of his accounts as guardian with the judge of the county court, in which he was charged with the funds received and credited by the amounts expended. On February 5, 1928, he made a second settlement, showing the amount in his hands and the sums expended. Again, on the 31st day of March 1930, he made a settlement, showing the amount in his hands and expended for the use and benefit of his ward. He made on the 14th day of December, 1931, a fourth and last settlement, in which were stated the sum then in his hands and what he had paid out for her use and benefit. To this settlement, by her attorney, she filed exceptions in the county court. Later she filed this action against him and his surety to surcharge and surcharging each of these settlements. Each and every item allowed as a credit in each settlement is assailed as having been erroneously and unlawfully paid. In their respective answer to the petition, Philpot and the American Surety Company traversed the petition and affirmatively alleged that her exceptions to the fourth settlement were still pending, which was pleaded by each of them in abatement of this

action. The pendency of the exceptions in the county court had the effect of abating so much of the ward's cause of action as sought to surcharge the fourth settlement until same were dismissed by an order of the county court, but no more.

Four large volumes of evidence were taken by the parties to sustain their respective cause of action and defense. Thereafter, on submission for trial and judgment, the court decreed "that the defendants are entitled to judgment on the pleadings; * * * that the petition be dismissed."

In the briefs of the parties, it is stated that the judgment of the court was induced by the undenied allegations of the answers of Philpot and the American Surety Company pleading in abatement the pendency of the exceptions to Philpot's fourth settlement. It is also suggested in the brief of Philpot and the surety company that the allegations of the petition attacking each item allowed as a credit in each of the settlements are insufficient to constitute a cause of action, and therefore the court properly dismissed the petition.

If it be conceded that the pendency in the county court of Philpot's exceptions to the fourth settlement was an abatement of so much of her cause of action as sought to surcharge and surcharging it, admittedly the pendency thereof was not an abatement of her cause of action to surcharge and surcharging the first, second, and third. This is too clear to admit of doubt or debate.

If it be admitted that the petition does not state facts sufficient to constitute a cause of action as to any item of credt allowed Philpot in each of his settlements with the county court, still, after the partes had introduced and presented to the court their evidence to sustain the cause of action and the defense and the parties and their counsel thus had treated the allegations of the petition sufficient to constitute a cause of action as to each item of credit allowed in each settlement, it was plainly improper for the court, for this reason, to dismiss it. Whatever, if any, item was shown by the evidence as having been improperly allowed as a credit in either settlement, the plantiff was entitled on the pleadings and evidence to recover therefor, though the petition was technically defective.

It is an accepted rule that, where a case is submitted for trial as though the pleadings of the parties

raised the issues established by the evidence, yet if the cause of action is technically and defectively stated, the court should consider the pleadings sufficient. It is proper after final submission to treat all issues as joined which are sustained by the evidence of the parties, and the court should then determine the case as though the issues were properly joined in respect thereto or afford the parties an opportunity to amend their pleadings. Young et al. v. Barnett, 258 Ky. 330, 80 S. W. (2d) 16; Broadway National Bank et al. v. Hargis, 238 Ky. 669, 38 S. W. (2d) 674.

Hence if, after submission for final judgment, the court was of the opinion that the allegations of the petition were insufficient to state a cause of action, even though it were demurred to on this ground, she should have been given an opportunity to plead further. Broadway National Bank et al. v. Hargis, supra; Conlee v. Gilbert, 214 Ky. 484, 283 S. W. 440; Combs v. Spicer, 226 Ky. 270, 10 S. W. (2d) 810.

We find no order of reference to the master commissioner to audit, state, and settle the accounts of Philpot as guardian.

A hearing of this appeal in the present state of the record would be a trial de novo, as no commissioner was appointed and no report made which could be used as a basis of the consideration of the conflicting claims. The case should be referred to a commissioner for an accounting, and the case tried on exceptions filed thereto, if any.

For the reasons indicated, it becomes necessary to reverse the judgment, and to remand the case for proceedings consistent herewith. All other questions are reserved.

The judgment is reversed.