## Fannin's Ex'r v. Haney et al.

March 19, 1940.

James F. Bailey, Judge.

C. F. See, Jr., for appellant.

J. P. Clark for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In 1935 Mike Fannin recovered a judgment against Serilda Haney for sums aggregating $400 with interest. On August 25, 1937, execution was issued on the judgment, placed in the hands of the sheriff and levied by him on a tract of land in Martin county belonging to Serilda Haney. On the same day and immediately thereafter plaintiff filed with the clerk of the county court of Martin county a lis pendens notice setting forth that the judgment had been rendered in favor of plaintiff and that execution in his favor had been issued thereon and placed in the hands of the sheriff with instructions to levy upon the land upon which it was later levied.

On the following day Serilda Haney and husband executed and delivered to J. W. Goble and Clementine Goble a deed for the gas and oil in the tract of land upon

which the execution was levied and which was referred to in the lis pendens notice.

On October 2, 1937, Mike Fannin instituted this action against Serilda Haney and A. H. Haney, her husband, and J. W. Goble and Clementine Goble and in his petition set up the foregoing facts and alleged that the conveyance was made with the fraudulent intent to cheat, hinder and delay Serilda Haney's creditors and to defeat the collection of plaintiff's demand and in contemplation of insolvency with a design to prefer J. W. Goble and Clementine Goble to the exclusion of plaintiff and other creditors; that he had a prior and superior lien on the tract of land attempted to be conveyed by the deed; that with full knowledge of the execution and recording of the lis pendens notice, the grantees in the deed paid for or owed Serilda Haney for the land. He asked that the deed be set aside, that he be adjudged a prior and superior lien on the land and minerals therein and that same be sold for the satisfaction of his debt.

A general demurrer to the petition was overruled and the allegations of the petition were traversed by defendants. On final hearing it was adjudged that plaintiff's petition be dismissed and that defendants recover their costs. This appeal followed. Thereafter Mike Fannin died and the action has been revived in the name of his executor.

As grounds for reversal it is argued that by reason of the levying of the execution upon the land of Serilda Haney, the filing of the lis pendens notice and the actual knowledge of J. W. Goble of the judgment and execution issued thereon against Serilda Haney, appellant had a lien on the land as against the Gobles as subsequent purchasers as well as against Serilda Haney. It is argued by appellees that execution can only be enforced by levy and sale and that the execution lien is released if sale is not made and the cases of C. T. C. Investment Co. v. Daniel Boone Coal Corp., D. C., 58 F. (2d) 305 and Webster v. Industrial Acceptance Corp., 234 Ky. 613, 28 S. W. (2d) 959, are cited. But as we understand those cases they hold in effect that if an execution is returned "no property found" or without an actual valid levy upon the property, the lien created by issuing the execution and placing it in the hands of an officer is released.

Under Section 1660, Kentucky Statutes, a lien is created for the payment of an execution on the property of defendant therein the moment it is placed in the hands of the officer for levy and collection. Richart v. Goodpaster, 116 Ky. 637, 76 S. W. 831.

It is undisputed that the execution as shown by the record issued on August 25, 1937, and was that day levied upon the land of Serilda Haney. On the following day J. W. Goble and wife accepted the deed from Serilda Haney and husband for the minerals in the land. Mike Fannin testified in substance that on the day the execution was issued, he and his attorney, Mr. McCoy, in the latter's office, discussed with J. W. Goble the matter of the judgment against Serilda Haney and his intention to enforce its collection by execution. Apparently Goble was considering purchasing the oil and gas in the land and Fannin testified that he told him of the judgment and that he would like for him to hold off until he could get things settled up; that Goble promised he would; that he had talked to him before that time, had told him about the judgment and explained that he was going to have execution issued on it and that Goble stated that he would purchase the minerals. Mr. McCoy testified that Goble was in his office the day the execution was issued and had a conversation with Fannin; and that Goble was informed of the judgment. While he could not remember all the conversation he stated that as he recalled it was understood that the execution was to be issued and that Goble would bid on the oil and gas rights in the land. Goble admitted that he had a conversation with Fannin in Mr. McCoy's office relative to the purchase of the oil and gas rights but stated that nothing was said about the execution. He testified that about 10 days theretofore he had a talk with Fannin concerning the purchase of the oil and gas rights and that the latter asked him to wait until he got paid; that at the time Fannin told him he had an execution. There is evidence that an execution had been issued prior to August 25, 1937, but had been called in or returned because of some defect respecting costs and apparently this was the execution referred to in that conversation.

From the evidence as a whole the conclusion is inescapable that in addition to the notice brought to him by the lis pendens notice filed in the office of the county

court clerk, J. W. Goble had actual knowledge of the judgment and of the purpose of the judgment creditor to enforce it by execution when he purchased the oil and gas rights, and in such circumstances, the conveyance should not operate to defeat appellant's attachment lien on the land, including all oil, gas and other minerals therein.

It is insisted by appellees that the proper way for Fannin to have proceeded was by writ of venditioni exponas as provided in Section 1664, Kentucky Statutes. True, he might have proceeded in that way, but apparently that section of the statute was not meant to be exclusive and no authorities are cited or found indicating that it is. It confers no new authority on the sheriff but merely directs him to perform his duty under the execution. See Cox v. Joiner, 7 Ky. (4 Bibb) 94, and other cases cited in annotations under that section of the statute.

Appellees lay great stress on the fact that as shown by the sheriff's return on the execution it was returned without attempt at sale at the request of Mike Fannin and further argue that the debt could have been made without enforcing the execution lien on the property sold to appellees. There is no showing that Serilda Haney had any property other than the land levied upon. A. H. Haney testified that the surface of the tract which contained a little more than 30 acres was worth about $800 and while there is some reference to coal there is no evidence that minerals other than the oil and gas were of any value. It is therefore apparent why the sale under the execution was delayed. Mrs. Haney had conveyed the most valuable portion of her holdings and under the evidence it is at least very doubtful if what remained would have been sufficient to satisfy appellant's debt, interest and costs, if Mrs. Haney asserted right of homestead to which apparently she is entitled. Appellant seasonably resorted to a court of equity to have rights and priorities determined and in the circumstances we are not prepared to say that such procedure was improper; but on the other hand conclude that so much of the land as was necessary should be subject to the payment of appellant's claim.

Wholly apart from any question of sufficiency of

procedure under the execution, the evidence clearly indicates that appellant was entitled to the relief sought under Section 1906, Kentucky Statutes, relating to fraudulent conveyances, since the proven facts and circumstances clearly bespeak an intention and purpose upon the part of the debtor to defeat appellant's claim and leave little if any room for doubt that the grantees in the deed sought to be set aside had knowledge of that purpose and intent. It is obvious that the facts and circumstances were sufficient to bring that knowledge to any person of ordinary prudence.

It is further argued that the record in the proceedings in which appellant obtained judgment against Serilda Haney and a subsequent action in which her lands were attached for the debt were made a part of the record in this action below but have not been copied into the record before us; that because of their omission from this record it will be presumed that the record in the lower court supported the judgment. The rule contended for by appellees is correct but they are mistaken about the records in the former action being made a part of the record in this case. We find no pleading or order making them a part of this record but a copy of the judgment on which execution issued and of the execution, return thereon, and the lis pendens notice were filed with, made a part of the pleadings and were introduced in evidence and all appear in the record here.

Wherefore the judgment is reversed with directions to set it aside and enter judgment in conformity with this opinion.