**STEPHENS et al.**

v.

**ALLIED BLDG. CREDITS, Inc.**

Court of Appeals of Kentucky.

Feb. 19, 1954.

Joe Hobson, Prestonsburg, for appellants.

Blaine H. Rutherford, Pikeville, for appellees.

STANLEY, Commissioner.

In September, 1951, a default judgment was rendered in favor of the Allied Building Credits, Incorporated, for a balance of $1,056.88, principal on a note of the Caney Elkhorn Coal Company. In March, 1952, the plaintiff, stating that an execution on its judgment had been returned "no property found," obtained an attachment of funds owed its judgment creditor by several fire insurance companies. They were served as garnishees, and in a joint answer stated they were indebted to the coal company an aggregate of $4,250 for a fire loss. The coal company executed a forthcoming bond, Sec. 221, Civil Code of Practice, with D. C. Stephens as surety. By an order the garnishees paid into court $1,242.-55, which was the amount of plaintiff's accrued claim.

The coal company and D. C. Stephens and Mrs. Dora Stephens filed a joint motion to quash the order of attachment upon the ground that the coal company had not been served. The motion was overruled and Mr. and Mrs. Stephens filed an intervening petition claiming the money under an assignment by the coal company to them of the money owing it by the insurance company for application upon a note in ex-

cess of $100,000 which the coal company owed them. This assignment is dated a week before the plaintiff's attachment was obtained but long after its judgment. The plaintiff responded with a plea of a fraudulent assignment. The court heard evidence on this issue and dismissed the intervening petition and directed payment of the sum deposited to the plaintiff, Allied Building Credits, Inc. Mr. and Mrs. Stephens were granted an appeal. The judgment was rendered before KRS 21.080 was amended.

■ The appellants contend that the order of garnishment is void because the judgment debtor was not served with a copy as was provided by Sec. 194a(3) of the Civil Code of Practice. We think the company's action in executing the forthcoming bond entered its appearance to the proceeding.

■ The plaintiff's pleading of a fraudulent assignment of the insurance proceeds to the intervening petitioners is inartfully drawn. It merely charges that the assignment was made after plaintiff's judgment on the note had been obtained, that it was not made in good faith but was for the fraudulent purpose of defeating the coal company's creditors. The action was predicated upon KRS 378.010, which provides that every assignment of a "right or thing in action * * * made with the intent to delay, hinder or defraud creditors" shall be void as against such creditors. The additional statement that the assignment was preferential seems to have been made as part of the allegation of a fraudulent rather than as a plea of preferential transfer in contemplation of insolvency as described in KRS 378.060. No demurrer was filed to this pleading. Had there been a demurrer or motion to make more specific, the court would probably have sustained it upon the ground that the pleading was principally of conclusions rather than facts. However, the intervenors joined issue and let the case go to trial. We think this action waived the defects in the pleading. Luker v. Philpot, 261 Ky.

265, 87 S.W.2d 610; Catron v. Jones, 281 Ky. 163, 135 S.W.2d 419.

The judgment on the plaintiff's note was rendered September 7, 1951. The fire which damaged the company's property occurred the next day. Litigation between the insurance companies and the coal company on the policies was compromised but the date of the agreement is not shown. Mr. and Mrs. Stephens owned all the stock of the coal company except two qualifying shares held by their attorney. The assignment of the corporation's claims against the insurance companies was formally authorized by its Board of Directors and executed by D. C. Stephens as president and Mrs. Dora Stephens as secretary just a week before the order of attachment was issued. The date of the nulla bona return on the execution is not shown. It may be assumed that the property of the corporation damaged or destroyed by the fire would have been subject to the execution had it not been damaged or destroyed. While there is no evidence of the corporation's insolvency, there are facts which indicate it.

■ The burden has been upon the assignees to convince the courts that their action as officers of the corporation in assigning the fund to themselves as individuals was free of circumvention and was not made with the view to gaining an unlawful or unfair advantage.

In Hazelhurst Lumber Co. v. Carlisle Mfg. Co., 130 Ky. 1, 112 S.W. 934, 935, money had been borrowed from a bank by the only stockholders of a corporation for its use and benefit. The proceeds of a fire insurance policy were deposited in the bank but drawn out by the stockholders to pay their debt to it to the exclusion of another creditor. In holding the transaction to be fraudulent, the court said:

"The officers of a corporation hold its funds as trustees for its stockholders and creditors. It is a breach of trust for a trustee to pay his own debt out of the trust fund and leave other

debts unpaid. In other words, he is not allowed to get an advantage for himself out of his trust position, and pay his own debt to the prejudice of other creditors."

In the case at bar, the transfer by the officers and practically sole stockholders, who were the real owners of the corporate property, i. e., the right to the insurance proceeds, was not just or fair but constituted a fraud according to equitable standards. The necessary consequences of the act were to "delay, hinder or defraud" the coal company's other creditor. Fannin's Ex'r v. Haney, 283 Ky. 68, 140 S.W. 2d 630; Alt v. Burt, Ky., 242 S.W.2d 974, 980, syl. 13.

The judgment is affirmed.