Donna Jean NESLER (Paschall), Appellant,

v.

Robert HAILEY; Robert Morgan, Sheriff of Graves County; and Burl's, Inc., Appellees.

Robert HAILEY, Cross–Appellant,

v.

Donna Jean NESLER; Robert Morgan, Sheriff of Graves County; and Robert G. Morgan, Cross–Appellees.

Nos. 93–CA–2989–MR, 93–CA–2973–MR.

Court of Appeals of Kentucky.

May 26, 1995.

David L. Kraus, Louisville, for appellant.

Benjamin J. Lookofsky, Mayfield, for appellee/cross-appellant Hailey.

Gayle B. Robbins, Mayfield, for appellee Morgan.

James B. Brien, Jr., Mayfield, for appellee Burl's, Inc.

Before COMBS, GARDNER and JOHNSTONE, JJ.

## OPINION

COMBS, Judge:

This appeal and cross-appeal are taken from a Graves Circuit Court Judgment dated August 27, 1993. The action involves an attempt to enforce a money judgment by way of the sale of Appellant's mobile home and vehicle by the Graves County Sheriff. Appellant (the execution debtor) and Cross–Appellant (the execution creditor) contend that the sheriff failed to perform his statutory duty to sell the property on a timely basis. As a result, they argue, the trial court erred in assessing against them the costs incurred in storing the mobile home and vehicle prior to the belated sale. Further, the Cross–Appellant asserts that the trial court erred in dismissing his claim for damages against the sheriff. After considering the arguments of counsel, we affirm in part and reverse in part.

The foundation for the execution at issue here arises from the settlement of a civil suit between Appellant Donna Jean Nesler and Cross–Appellant Robert Hailey. According to the judgment entered by the Graves Circuit Court on April 13, 1992, the parties had agreed that Hailey would have judgment against Nesler for the total amount of $41,-000.00. On July 24, 1992, in an effort to satisfy this judgment, Hailey filed with the Graves Circuit Court a form AOC–135, entitled "Execution Form".[1] Upon the face of

---

1. Oddly, page 2 of AOC–135, designating the form as having issued through the clerk and providing the sheriff with relevant information about the judgment and an area in which to

the execution form, in an area advising Nesler of her right to keep certain property, Hailey typed, "Pick Up 1977 Datsun; 88 SD 4159 Decal K ... and 1985 Clay Winner Mobile Home...."

On August 10, 1992, according to Nesler, the Graves County Sheriff—Appellee Robert Morgan—advised her that she and her husband had four days to move from the mobile home. On August 14, 1992, she says, the sheriff levied upon the mobile home by having it removed to an impoundment lot by Burl's, Inc.[2] The following hand-written statement also appears upon the face of the execution form: "Executed by taking pocession (sic)—mobile home & truck." The statement is signed by a Graves County Deputy Sheriff and dated August 17, 1992. It appears that this form was then received into the circuit clerk's office, where it was date-stamped "August 18, 1992."

When nothing happened by December 1992, Nesler moved the Court for an order requiring that some action be taken to conclude the execution. The Court's order, entered January 4, 1993, directed the execution creditor to "take all necessary steps and actions to complete its execution on said house trailer, and cause the forthwith sale of said house trailer...." While Sheriff Morgan and Hailey disagreed about whether there was any communication between them, a notice filed by Hailey on January 6, 1993, explained that he had directed Sheriff Morgan to take whatever steps were necessary to insure that the mobile home be sold as quickly as possible.

On April 1, 1993, the Sheriff's Sale was finally conducted. No bids were offered, and, as a result, the sheriff "bid in" the property on Hailey's behalf. In Sheriff Morgan's report of sale, it was noted that costs on that date totaled $5,089.70.[3]

On April 26, 1993, Hailey filed his complaint against Sheriff Morgan, alleging that he had failed to perform his statutory duties with respect to the execution. Sheriff Morgan denied the allegation and ultimately filed a motion for summary judgment. On August 27, 1993, the Circuit Court entered its order, which dismissed Hailey's complaint against Sheriff Morgan and directed that Hailey make remittance to Burl's, Inc. for the storage and towing costs. The Court's order further provided that half of the amount Hailey paid to Burl's, Inc. would be recoverable by him from Nesler.

Both Hailey and Nesler appeal, contending that Sheriff Morgan's failure to conduct a public sale promptly after levying upon the subject property constituted a neglect of his official duty. We agree.

■■ Through various provisions of KRS Chapter 426 (entitled "Enforcement of Judgments"), the legislature has sought to speed the process of execution by imposing time-limits on each stage of the procedure. Specifically, KRS 426.340(1) provides that "[n]o officer shall delay advertising property for sale, taken by him under execution, for more than twenty (20) days after the levy." Having promptly levied upon Nesler's property, Sheriff Morgan was bound to offer the property for sale in a timely manner.

■ We reject Sheriff Morgan's contention that he was not obligated to conduct a sale without a writ of *venditioni exponas,* or order of sale, from Hailey. 30 Am.Jur.2d *Executions* § 307 (1967). While KRS 426.440 provides that a "writ authorizing and commanding the sheriff to sell property *may* issue" following the return on his execution, this writ does not vest the sheriff with any authority or duty he does not already possess by virtue of having undertaken the execution. As explicitly noted by Kentucky's highest court in *Fannin's Ex'r v. Haney,* 283 Ky. 68, 140 S.W.2d 630, 632 (1940), the writ "confers no new authority on the sheriff but merely

---

complete his return, does not appear of record. However, as none of the parties address this topic, we refrain from creating an issue of it.

**2.** Through agreed order, Burl's Inc., which towed and stored the mobile home has been dismissed from this appeal.

**3.** Before the mobile home was finally removed from the impoundment lot by the mortgagee bank, which sold it immediately, the costs applicable to the sale exceeded $7,000.00.

directs him to perform his duty under the execution."

■ Similarly, we reject Morgan's defense that the manner in which he conducted his official duties was governed by Hailey's instructions or lack of them. While we agree that the Sheriff acts—in some respects and in the broadest of senses—as the "agent" of the execution creditor, he is primarily obligated to fulfill the duties of his office. 30 Am.Jur.2d *Executions* § 223, 224 (1967). Once a judgment creditor has had an execution issue, it is not within the discretion of the sheriff to act or not to act. He is not at liberty to forego levying upon the debtor's property, nor he is permitted to rely upon the execution creditor to direct him to his statutory duties. Although creditors typically provide guidance to the sheriff, the obligations to locate subject property, to levy upon it appropriately, and to conduct a valid sale are ultimately the responsibility of the sheriff alone. 30 Am.Jur.2d *Executions* § 305 (1967). Neither Hailey nor Nesler can be held responsible for those costs arising as a result of Sheriff Morgan's failure to conduct a timely sale of the seized property.

■ Having concluded that Sheriff Morgan failed in his official duty, we must turn to consider whether, as Hailey maintains, Morgan can be held liable under the provisions of KRS 426.350.

In relevant part, KRS 426.350 (entitled "Liability of officer for failing to make return in time-Exceptions"), provides as follows:

(1) Any sheriff or like officer in whose hands a writ of execution is placed, who fails, without reasonable excuse, to return the writ to the office where it was issued within thirty (30) days after the return day, shall ... be liable jointly and severally to the plaintiff in the execution for the amount of the execution, with thirty percent (30%) damages thereon and the costs of recovery....

The Graves Circuit Court did not err in dismissing Hailey's complaint pursuant to this provision. Although we have not found in the record a direct reference to the Court's monthly return day as it is described in this provision, we will assume by the provisions of KRS 426.040, that Sheriff Morgan was not tardy in his return and that he was in compliance with the statute on this point.

KRS 426.040, entitled "Return of execution" provides that,

(1) An execution against property by the levying officer shall be returnable to the court in which the action is pending within 30 days after levy but in no event more than 60 days after the execution is issued. Each court shall by an order of record appoint a monthly return day of executions.

In this case, the execution was returned to the Graves Circuit Clerk's office on August 18, 1992, one day after levy and twenty-five days after the execution was issued. While Hailey maintains that the return of execution could not be considered to have been made until Sheriff Morgan filed his report of sale on April 1, 1993, we do not agree. Our construction of the oblique reference "return of execution" requires only that a sheriff file a written return advising of the progress of his levy. It does not require the completion of the execution sale. Morgan cannot be held liable under KRS 426.350.

For the foregoing reasons, the judgment of the Graves Circuit Court is affirmed as to the dismissal of the complaint against Morgan and reversed as to the responsibility of Hailey and Nesler for the storage and towing costs.

All concur.