## Louisville & Nashville R. R. Co. v. Hay's Admr.

(Decided December 5, 1911.)

### Appeal from the Ohio Circuit Court.

1. Railroads—Laborers Moving Cars—Notice.—It is not necessary that each laborer engaged in unloading a car on a side track should be notified that the car is to be moved; it is sufficient that such notice be given as would reasonably apprise all of them of the fact.

2. Peremptory Instructions—Question for Jury.—When there is any evidence the question is for the jury and a peremptory. instruction should not be given.

3. Laborers—Unloading Cars of Crushed Rock—Care 'of Trainmen.—Where it was customary for laborers unloading cars loaded with crushed rock to remain on the cars when moved, and the trainmen knew this, and only notified them to move the wagons away, it was incumbent upon the trainmen to use ordinary care for their safety.

4. Same—Risk Taken.—But if the trainmen notified the laborers to get off the car then by remaining on it contrary to directions, they took the risk.

5. Coupling Cars—Bump—Absence of Care.—A bump made in coupling cars to make the company liable must be not only unusual and unnecessary but of such violence as to show a want of ordinary care in handling the train.

BENJAMIN D. WARFIELD, GLENN & SIMMERMAN for appellant.

HEAVRIN & WOODWARD and OTTO C. MARTIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

Robert Hay, a colored laborer, was killed at Hartford, Kentucky, on August 8, 1910, in the following manner: Some contractors who were doing work in the town had crushed stone hauled to them on the railroad by the carload. These cars were placed on the sidetrack and were unloaded by the contractors. Hay was one of the laborers whose duty it was to shovel the stone from the car to the wagon. When switching had to be done, so that these cars had to be moved, notice was given by the railroad men, the wagons were driven off, and sometimes the laborers got off the cars, but often they remained on the cars. The work had been going on in this way for some months. On August 8, they were loading some wagons from a car about train time, and anticipating that when the train came switching would have to be done, they were hurrying to get the wagon loaded. The train came and notice was given by the railroad men for the wagons to get out and that they would move these cars. The wagons were driven away; one of the laborers in the car sat down on the floor of the car; Hay went to the end of the car and sat down on the end with his feet resting on the rock and his back in the direction from which the train was backing in to couple to the cars. There were 18 heavily loaded cars attached to the engine; there were two cars loaded with rock, and four box cars standing on the side track. When the cars attached to the engine backed against the cars standing on the side track Hay fell over backward and was run over by the first wheel of the car, only one wheel passing over him, the cars being stopped before the second wheel reached him. This action was brought by his personal representative to recover for his death and there having been a recovery for $2,500 in favor of the plaintiff, the railroad company appeals.

It is insisted for the railroad company that the testimony conclusively shows that the deceased had warning of the switching movement, and that his death was due to his failure to put himself in a place of safety. But we cannot say that the jury should have been instructed peremptorily to find for the defendant on either of these grounds. While there is much in the evidence to show that the deceased knew of the backing movement of the train for the purpose of coupling to

the cars on the side track, we cannot say that there was no evidence that he was ignorant of it, and so the question was properly submitted to the jury. In like manner there was much in the evidence to show that the deceased negligently placed himself in a position of danger, but this, too, under our rule, was a question for the jury, as much would depend on the position in which the deceased was sitting and other like circumstances, in connection with the other facts shown and the character of the jolt that as a prudent person he should reasonably have anticipated. Although the defendant's servants in charge of the train gave notice of its intended backward movement to couple to the cars on the side track, still if they knew, or in the exercise of ordinary care should have known, that men were on the cars and did not notify them to get out, it was their duty to handle the train with reasonable care for their safety. Such persons were not trespassers. It had been customary for the laborers to remain on the cars under such circumstances, and in view of the way in which business had been done there in the yard for some months, the jury might well have concluded that the railroad men knew that the laborers were on the cars; and although they gave notice of the intended movement of the train, still if they knew that persons were on the cars they could not disregard their safety. The evidence as to the custom of the workmen to stay on the cars was properly admitted as a circumstance charging the trainmen with notice of their danger in case care was not used in making the coupling.

The court in substance instructed the jury as follows: (1) If the trainmen negligently pushed the train against the flat car in which Hay was situated without giving him notice, with such force that it threw him from the car, they should find for the plaintiff; (2) If the trainmen gave notice to Hay that they were going to move the car on which he was working or Hay knew it, yet if Hay placed himself in a reasonably safe place for an ordinary coupling to be made, but the coupling was made with unusual or extraordinary force that an ordinarily prudent person could not have protected himself against while in the car, and Hay was thus injured, they should find for the plaintiff; (3) If Hay by his own negligence caused his own injury or so contributed to it that but for his contributory negligence he would not have been injured, they should find for the defend-

ant; (4) If Hay was notified by the trainmen of their purpose to run the train against the car in which he was situated, then it was Hay's duty to exercise ordinary care and diligence to get in a reasonably safe place to protect himself from danger from the ordinary and usual concussions made by similar trains under similar circumstances. Instruction 5 given by the court on its own motion and Instruction 1 asked by the defendant but modified by the court, only restated what was virtually contained in the instructions indicated.

There was abundant evidence that Hay knew that the coulping was to be made independently of what was said by the trainmen. It was not necessary that the railroad men should give special notice to every individual on the car or about it. A general notice was all that was required, provided it reached each of the men or each of them in some way knew of the intended movement of the train. In lieu of the words in Instruction 1 "without giving him notice," the court on another trial will use the words "without notice to him and without his knowing that the cars were to be moved." The court allowed the plaintiff to ask his witnesses the question, "Was Hay notified of the intended movement of the train?" This should not have been allowed. The question should have been "Was notice given of the intended movement of the train?" and "What notice?" All the facts in regard to the notice may be stated by the witnesses. From these the jury may judge whether Hay was notified or knew of the facts.

In the second instruction the court authorized the jury to find for the plaintiff if the coupling of the cars was made with unusual or extraordinary force. This instruction is too broad. The defendant's servants were not required to exercise care for the decedent's safety unless they knew or in the exercise of ordinary care should have anticipated the presence of persons on the car. In backing eighteen heavily loaded cars against six other loaded cars, the coupling would necessarily be made with much greater force than in the handling of a lighter train. The witnesses for the plaintiff testify that the coupling was made with terrific force, some of them stating that it was the hardest bump they ever heard. On the other hand, the witnesses for the defendant testify that the coupling was made in the usual manner and with only the usual force for such a train. This testimony is confirmed by the fact shown by all the evidence

that only one wheel of the car passed over the decedent after he fell. The defendant was not liable unless the coupling was made with unusual and unnecessary force, and with such evidence as to show a want of ordinary care in the handling of the train. On another trial the court will modify Instruction 2 as above indicated. The instruction should be modified also in another particular. By the instruction the jury were told that they should find for the plaintiff if they believed as therein set out, although the men in charge of the train gave notice to Hay that they were going to move the car in which he was working or Hay knew it. To this part of the instruction these words should be added: "If they did not notify Hay to get off the car"; for if they directed him to get off the car, he by remaining on it took the risks attendant on the bumping of the train, but if they did not direct him to get off the car and made the coupling knowing that he was on the car simply giving him notice that they were going to move it, it was incumbent on them to use ordinary care for his safety.

It was the duty of Hay when he knew or had notice of the backing of the train for the purpose of coupling to the cars on the side track, to exercise ordinary care and diligence to get in a reasonably safe place to protect himself from danger from such concussions of the train with the car he was on as a man of ordinary prudence might reasonably anticipate under the circumstances, and if he failed to do this and but therefor would not have been injured, the law is for the defendant. On another trial the court will modify Instruction 4 as above indicated.

Instruction 1 given on motion of the defendant may be on another trial omitted. In lieu of Instruction 3 on another trial the court will tell the jury that unless they find as set out in Instruction 1 or Instruction 2, they should find for the defendant. In lieu of Instruction 5 the court will tell the jury that if the facts known to Hay were sufficient to apprise a person of ordinary care that the train was about to be backed against the cars on the side track, this was sufficient notice to him under the instructions of the court; and that if Hay was notified by the trainmen or any of them to get off the car, and failed to obey their direction, then he took the risk in remaining on the car of such bumps as resulted

from the making of the coupling, and the defendant was not liable as set out in Instruction 2.

Judgment reversed and cause remanded for a new trial.