## Smith's Administrator De Bonis Non v. Ford Motor Company.

(Decided April 22, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Negligence—Instruction Requiring Automobile Manufacturer to "See" Tires were Safe Held Sufficient.—In action against manufacturer of automobile for death, an instruction that it was the duty of defendant to exercise ordinary care to "see" that casings on the wheels were not in dangerous and defective condition was not open to the objection that it failed to impose the duty of inspection, since to "see" that a particular thing is done is a more exacting duty than mere inspection.

2. Negligence—Instruction Need Not Submit all Intermediate Steps Between Cause and Effect.—In action against automobile manufacturer for death due to overturning of automobile, an instruction permitting a recovery, if car was caused to overturn because of defective tire, was not objectionable, in that plaintiff's theory was that the defective condition of the tire caused the car to leave the roadway and drop down eight or ten inches and then overturn, as it is unnecessary for an instruction to submit all of the intermediate steps occurring between the cause and its final effect.

3. Negligence—Contributory Negligence Need Not be the Proximate Cause of Injury.—To defeat a recovery on the ground of contributory negligence, it is not necessary that the contributory negligence should have been the proximate cause of the accident, but it is sufficient if it so contributed to the accident that but for such negligence the accident would not have occurred, and it was proper to so instruct.

MORTON K. YONTS and M. H. THATCHER for appellant.

HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Hippodrome Motor Company of Nashville, Tennessee, purchased five Ford automobiles from the assembly plant of the Ford Motor Company at Louisville, and employed William P. Smith and four other men to drive the cars from Louisville to Nashville. While *en route* the car driven by Smith was overturned and he was killed. Thereupon his administrator brought this suit for damages. The jury found for the Ford Motor Company and plaintiff has appealed.

It was appellant's contention that the accident was caused by the bursting of a tire upon one of the rear wheels, and that the bursting was due to a defective condition of the casing, and evidence was offered in support of this theory. On the other hand, appellee's evidence tended to show that the car was being driven at a dangerous rate of speed over a rough road at midnight, and that Smith took one of his hands off the steering wheel and his eyes off the road in front of him and thereby lost control of the car.

In addition to other instructions not material, the court instructed the jury as follows:

"1. It was the duty of the defendant, the Ford Motor Company, in delivering the machine to the deceased, William P. Smith, as agent for the Hippo-

drome Company, to exercise ordinary care to see that the casings on the wheels of the machine were not in a defective and dangerous condition, and if you believe from the evidence at the time the said machine was turned over to Smith, the casing on one of the rear wheels was in a defective and dangerous condition and such condition was known to the defendant, Ford Motor Company, or could have been known to it by the exercise of ordinary care, and by reason of such defective and dangerous condition, if it existed, the said automobile while being driven by Smith was caused to overturn, and he lost his life as a result thereof, then the law of the case is for the plaintiff, William P. Smith's administrator, and you should so find. But unless you so believe, the law of the case is for the defendant, the Ford Motor Company, and you should so find.

"2. It was the duty of William P. Smith, in driving said machine, to run the same at a reasonable rate of speed, to keep it under reasonable control, and to exercise ordinary care to so manage and operate the machine as to avoid injury to himself, and if you believe from the evidence he failed in said duties, or any of them, and his failure, if any, caused or so contributed to cause the overturning of the machine and his consequent injury, that but for his failure in said duties or one or more of them, the machine would not have overturned, and he would not have been injured, the law of the case is for the defendant, and you should so find, although you may believe from the evidence that the Ford Motor Company was negligent as submitted to you in the first instruction.

"3. If you believe from the evidence that the deceased Smith was driving his machine at a rate of speed more than twenty miles per hour at the time of the accident, and that such rate of speed in excess of twenty miles per hour caused or so contributed to cause the accident to the decedent, that but for such excess of speed the accident would not have happened, then the law of the case is for the defendant, and you should so find, although you may believe from the evidence that the defendant failed in its duties as submitted in the first instruction."

The first complaint of instruction No. 1 is that it failed to impose on appellee the duty of inspection, and it is insisted that an offered instruction embodying that idea should have been given. The case pleaded was that the casing was unsafe and dangerous, and that appellee, its agents and servants, knew, or, by the exercise of ordinary care, could have known of its unsafe condition. The instruction first told the jury that it was the duty of appellee "to exercise ordinary care to see that the casings on the wheels of the machine were not in a dangerous and defective condition." To "see" that a particular thing is done is a more exacting duty than mere inspection. It carries with it the idea of taking the necessary steps to have the thing done. Merritt v. McNally, 14 Montana 238, 36 Pac. 47. But the instruction does not stop there. It adds, "and if you believe from the evidence at the time the said machine was turned over to Smith the casing on one of the rear wheels was in a defective and dangerous condition, and such condition was known to the defendant, Ford Motor Company, or could have been known to it by the exercise of ordinary care," and thereby submitted the case pleaded.

Another complaint of the instruction is the use of the words, "and by reason of such defective and dangerous condition, if it existed, the said automobile, while being driven by Smith, was caused to overturn and he lost his life as a result thereof, then 'the law of the case is for the plaintiff, William P. Smith's administrator, etc.'" Appellant insists that his theory was not that the defective condition of the casing caused the car to overturn, but that it caused the car to leave the metal part of the roadway and drop down eight or ten inches below the surface of the metal and then overturn. Of course, appellant had no case at all unless the defective condition of the casing was the proximate cause of the accident, and we have never known of a case where it was held necessary for an instruction to submit to the jury all the intermediate steps occurring between the cause and its final effect.

Instruction No. 3 is attacked on the ground that it did not require the jury to believe that the rate of speed in excess of twenty miles per hour was the proximate cause of the accident. The instruction was simply a concrete instruction on contributory negligence. To defeat

a recovery on that ground it was not necessary that the contributory negligence should have been the sole proximate cause of the accident, but sufficient, under the repeated adjudications of this court, if it so contributed to the accident that but for such negligence the accident would not have occurred. On the whole we find no error in the record prejudicial to the substantial rights of appellant.

Judgment affirmed.