## Reynolds v. Trivette et al.

Oct. 12, 1945.

V. R. Bentley and J. Erwin Sanders for appellant.

J. E. Childers and Sidney Trivette for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This is a companion case to Holley v. Burke, 300 Ky. 571, 189 S. W. 2d 862, and the two cases by agreement were heard in the trial court as well as here on the same bill of evidence.

W. W. Reynolds and E. E. Trivette were rival candidates for the Republican nomination of Police Judge of Pikeville. Reynolds received 236 and Trivette 291 votes. Reynolds filed his petition asking a recount; also, in the same action he pleaded grounds of contest (as may be done under KRS 122.060) by which he asked that certain named illegal votes in precincts 51, 56 and 80, and 20 unnamed illegal votes in precinct No. 1, received by Trivette be deducted from his total vote, and that precinct No. 51 be thrown out because the secrecy of the ballot was not there preserved.

The recount reduced Trivette's majority from 55 to 54 votes and no complaint is made on this appeal of the recount, hence we are only concerned with the contest.

The petition as amended here contains practically the same averments incorporated in the petition and amendment in Holley v. Burke as to precincts 51 and 56, even naming the same 13 alleged illegal votes in each of those precincts. The only material difference in the pleadings in the two cases is that in the petition here it was averred that 20 unnamed illegal votes were cast for Trivette in precinct No. 1 and that 7 named persons illegally voted for him in precinct No. 80, and that these

27 illegal votes should be deducted from Trivette's total along with the 26 illegal votes set out in precincts 51 and 56 in both petitions. Precincts 1 and 80 are not involved in Holley v. Burke.

The opinion in the Holley case reviews the evidence as to the two precincts involved both there and here (51 and 56) and reached the conclusion that the evidence failed to substantiate the charges contained in Holley's pleadings. As the case now before us is tried on the same bill of evidence and as the pleadings in both cases contain the same averments as to these two precincts (51 and 56), it necessarily follows that when plaintiff failed to make out a case in Holley v. Burke the plaintiff, Reynolds, likewise failed here in reference to those two precincts. Therefore, if we discussed precincts 51 and 56 in this opinion, it would be but a repetition of what is said in the Holley opinion and would serve no useful purpose. What was there written we adopt as part of this opinion by reference, and will concern ourselves in the instant case only with precincts 1 and 80.

Since Reynolds' petition did not name the 20 persons it averred cast illegal ballots for Trivette in precinct 1, it is bad upon demurrer. Brock v. Williams, 260 Ky. 569, 86 S. W. 2d 324. But when Trivette failed to insist that the trial court rule on the general demurrer and the pleadings were made up, proof taken and judgment rendered, the demurrer was waived. Baker v. Robinson, 273 Ky. 410, 116 S. W. 2d 958; Louisville & N. Railroad Company v. Hall, 273 Ky. 590, 117 S. W. 2d 571. Admitting arguendo, but not deciding, that the record shows 20 illegal votes were cast for Trivette in precinct No. 1, and 7 such were cast for him in precinct No. 80, he would still be the victor by 27 votes; indeed, if the 26 votes Reynolds asked to be deducted in precincts 51 and 56 were added to the 27 asked to be deducted in precincts 1 and 80, Trivette would still win by one vote, as the recount gives him a majority of 54. Therefore, we see no reason to analyze the evidence in precincts 1 and 80.

The transcript of evidence in the Holley case, as well as in this one, is on thin paper, and the clerk's record in neither case is indexed nor are the pages numbered. While original papers may be brought here under KRS 122.040 on appeal from a judgment rendered in a primary election contest, this does not mean that we should

580

be required to read blurred pages as the result of the original record being written on thin paper, but subsec. 2 of our rule 3 should be complied with in making up the original record. The clerk should have numbered the pages of his record and should have indexed it as provided in rule 3 subsec. 7 of this court.

The judgment is affirmed.